CHAMI LAW, PLLC
Tarek N. Chami, Esq. (SBN: P76407)
16030 Michigan Avenue, Suite 220
Dearborn, Michigan 48126
Telephone: 313.410.5118
Facsimile: 888.428.7911
tarek@chamilawpllc.com

Attorney for Plaintiff
GREGORY FLETCHER

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF MICHGAN**

| | |
|---|---|
| GREGORY FLETCHER, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CROSSCHECK, INC., a foreign corporation; and DOES 1 to 10, inclusive,<br><br>Defendant(s). | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR:**<br><br>**1. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT [15 U.S.C. § 1692]**<br><br>**2. VIOLATIONS OF THE MICHIGAN OCCUPATIONAL CODE [MICH. COMP. LAWS §§ 339.901-339.920]**<br><br>**3. VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. § 227]** |

**COMPLAINT FOR DAMAGES**

**INTRODUCTION**

1. Gregory Fletcher ("Plaintiff") brings this action against CrossCheck, Inc. ("Defendant") for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, the Michigan Occupational Code ("MOC"), MICH. COMP. LAWS §§ 339.901-339.920 and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

///

///

**JURISDICTION AND VENUE**

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) which states that any action to enforce liability created by the FDCPA may be brought in any appropriate United States district court. Jurisdiction of this court also arises under 28 U.S.C. §§ 1331, 1337 and 1367. Pursuant to 28 U.S.C. § 1367, jurisdiction in this Court is also proper as to Plaintiff's MOC claim is it so related to Plaintiff's other claims that they form part of the same case or controversy under Article III of the United States Constitution.

3. Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in this district because Plaintiff resides in this District, Defendant transacts business in this District and Defendant's collection communications were received by Plaintiff in this District and thus, a substantial part of the events or omissions giving rise to this action occurred in this District.

**PARTIES**

4. Plaintiff is an individual residing in Lapeer, Lapeer County, Michigan 48446. Plaintiff is a natural person obligated or allegedly obligated to pay any debt and, as such, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3) and MICH. COMP. LAWS § 339.901(f).

5. Defendant is a foreign corporation, registered under the laws of the State of California. Defendant's principle place of business is located at 1440 North McDowell Boulevard, Petaluma, California 94954.

6. Defendant's principal purpose is the collection of debts and Defendant regularly collects or attempts to collect the debts owed or due or asserted to be owed or due another. Defendant regularly uses the telephone and the mail to engage in the business of collecting debt in several states including, Michigan. Thus, Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6). Defendant is a "collection agency" as defined by MICH. COMP. LAWS § 339.901(b).

7. The true names and capacities, whether individual, corporate, or in any other form, of Defendants DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiff, who therefore sues them by such fictitious names. Plaintiff will seek leave to amend this

Complaint to show the true names and capacities of DOES 1 through 10 should they be discovered.

### FACTUAL ALLEGATIONS

8. Within one year prior to the filing of this action, Defendant contacted Plaintiff to collect a debt originally incurred with another creditor ("alleged debt"). The alleged debt arose out of a consumer transaction for the purchase of a vehicle.

9. The alleged debt is an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment. Thus, the alleged debt is a "debt" as defined by 15 U.S.C. § 1692a(5) and MICH. COMP. LAWS § 339.901(a).

10. Within one year prior to the filing of this action, Defendant contacted Plaintiff at any unusual time or place or a time or place known or which should be known to be inconvenient to Plaintiff.

11. Within one year prior to the filing of this action, Plaintiff demanded that Defendant cease calling him on his cellular telephone.

12. Within one year prior to the filing of this action, Defendant called Plaintiff at Plaintiff's cellular telephone no less than twelve (12) times after Plaintiff demanded that Defendant cease calling him on his cellular telephone.

13. Within one year prior to the filing of this action, Plaintiff notified Defendant that Plaintiff was represented by an attorney in regards to the alleged debt and Defendant's collection activities.

14. Within one year prior to the filing of this action, Defendant called Plaintiff at Plaintiff after Plaintiff notified Defendant that Plaintiff was represented by an attorney in regards to the alleged debt and Defendant's collection activities.

15. Within one year prior to the filing of this action, Plaintiff requested that Defendant not call Plaintiff at Plaintiff's work telephone number.

16. Within one year prior to the filing of this action, Defendant called Plaintiff at Plaintiff's work telephone number after Plaintiff requested that Defendant not call Plaintiff at Plaintiff's work telephone number.

17. On or about January 29, 2013, Defendant called Plaintiff's work telephone number 248-588-4634. Plaintiff's co-worker and/or employer answered the telephone. Defendant's representative identified himself as "Brian Rodgers." "Brian Rodgers" disclosed to Plaintiff's co-worker and/or employer that Plaintiff owed the alleged debt. "Brian Rodgers" asked Plaintiff's co-worker and/or employer to relay a message to Plaintiff. "Brian Rodgers" asked Plaintiff's co-worker and/or employer to have Plaintiff call him back at telephone number 800-311-9920.

18. Defendant's conduct as described in detail herein was done to harass, oppress, or abuse Plaintiff.

19. On or about January 29, 2013, Plaintiff called Defendant at telephone number 800-311-9920. Defendant said to Plaintiff, "You are going to jail. It is against the law to write a bad check." Defendant said to Plaintiff, "I am going to forward your case to the prosecuting attorney."

20. On or about January 30, 2013, Plaintiff notified Defendant that Plaintiff was represented by an attorney in regards to the alleged debt and Defendant's collection activities. In response, Defendant told Plaintiff, "You do not have the balls to hire an attorney.

21. Within one year prior to the filing of this action, Defendant constantly and continuously called Plaintiff at, but not limited to, Plaintiff's cellular telephone number 810-834-9877 and Plaintiff's work telephone 248-588-4634.

22. Within one year prior to the filing of this action, Defendant caused Plaintiff's telephone to ring or engaged Plaintiff in telephone conversations repeatedly.

23. Defendant's conduct as described in detail herein amounted to a false, deceptive, or misleading representation or means in connection with the alleged debt.

24. Within one year prior to the filing of this action, Defendant made a false threat that non-payment of the alleged debt would result in Plaintiff's arrest or imprisonment.

25. Within one year prior to the filing of this action, Defendant threatened to take action against Plaintiff that cannot legally be taken and/or that Defendant did not intend to take.

26. Defendant's conduct as described in detail herein amounted to a false representation or deceptive means to collect the alleged debt or obtain information about Plaintiff.

27. Defendant's conduct as described in detail above amounted to an unfair or unconscionable means to collect or attempt to collect the alleged debt.

28. At all times relevant to this action, while conducting business in Michigan, Defendant has been subject to, and required to abide by, the laws of the United States, which included the TCPA and its related regulations that are set forth at 47 C.F.R. § 64.1200 ("TCPA Regulations"), as well as the opinions, regulations and orders issued by the courts and the FCC implementing, interpreting and enforcing the TCPA and the TCPA regulations.

29. At all times relevant to this action, Defendant owned, operated and/or controlled an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1) that originated, routed and/or terminated telecommunications.

30. Within four years prior to the filing of this action, Defendant called Plaintiff at Plaintiff's cellular telephone multiple times using an artificial prerecorded voice or using equipment which has the capacity to store or produce telephone numbers to be called, using random or sequential number generator and to dial such numbers, also known as an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1)(A) and (B).

31. Defendant never received Plaintiff's consent to call Plaintiff on Plaintiff's cellular telephone using an "automatic telephone dialing system" or an "artificial or prerecorded voice" as defined in 47 U.S.C. § 227 (a)(1).

32. Even assuming Defendant received Plaintiff's consent to call Plaintiff on Plaintiff's cellular telephone using an "automatic telephone dialing system" or an "artificial or prerecorded voice" as defined in 47 U.S.C. § 227 (a)(1), this consent was revoked when Plaintiff demanded that Defendant cease calling Plaintiff on Plaintiff's cellular telephone.

33. At no time have Plaintiff and Defendant had an "established business relationship" as defined by 47 U.S.C. § 227(a)(2).

32. Defendant is not a tax exempt nonprofit organization.

33. Defendant's violation of the TCPA was willful. Defendant's violation of the TCPA was willful because Plaintiff requested that Defendant cease calling Plaintiff on Plaintiff's cellular telephone.

34. Within four years prior to the filing of this action, Defendant willfully and/or knowingly contacted Plaintiff no less than twelve (12) times at Plaintiff's cellular telephone using an "automatic telephone dialing system" or using an "artificial or prerecorded voice" in violation of the TCPA.

## FIRST CAUSE OF ACTION

**(Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692)**

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

(a) Defendant violated 15 U.S.C. § 1692c(a)(1) by communicating with a consumer in connection with the collection of any debt at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer; and

(b) Defendant violated 15 U.S.C. § 1692c(a)(2) by communicating with a consumer in connection with the collection of any debt if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer; and

(c) Defendant violated 15 U.S.C. § 1692c(a)(3) by communicating with a consumer in connection with the collection of any debt at the consumer's place of employment if the debt

- 6 -

COMPLAINT FOR DAMAGES
13-cv-XXXXXX

collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication; and

(d)     Defendant violated 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

(e)     Defendant violated 15 U.S.C. § 1692d(1) by using or threatening to use of violence or other criminal means to harm the physical person, reputation, or property of any person; and

(f)     Defendant violated 15 U.S.C. § 1692d(2) by using obscene or profane language or language the natural consequence of which is to abuse the hearer or reader; and

(g)     Defendant violated 15 U.S.C. § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversations repeatedly or continuously with intent to annoy, abuse or harass any person at the called number; and

(h)     Defendant violated 15 U.S.C. § 1692e by using any false, deceptive, or misleading representation or means in connection with the collection of any debt; and

(i)     Defendant violated 15 U.S.C. § 1692e(4) representing or implying that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action; and

(j)     Defendant violated 15 U.S.C. § 1692e(5) threatening to take any action that cannot legally be taken or that is not intended to be taken; and

(k)     Defendant violated 15 U.S.C. § 1692e(10) using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

(l)     Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt.

37. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

38. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

## SECOND CAUSE OF ACTION

**(Violation of the MOC, MICH. COMP. LAWS §§ 339.901-339.920)**

39. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. Defendant violated the MOC. Defendant's violations include, but are not limited to the following:

(a) Defendant violated MICH. COMP. LAWS § 339.915(a) by Communicating with a debtor in a misleading or deceptive manner; and

(b) Defendant violated MICH. COMP. LAWS § 339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt; and Defendant violated MICH. COMP. LAWS § 339.915(f) by misrepresenting in a communication with a debtor:

   (*i*) The legal status of a legal action being taken or threatened; and

   (*ii*) The legal rights of the creditor or debtor; and

   (*iii*) That the nonpayment of a debt will result in the debtor's arrest or imprisonment, or the seizure, garnishment, attachment, or sale of the debtor's property; and

(c) Defendant violated MICH. COMP. LAWS § 339.915(h) by Communicating with a debtor, except through billing procedure, when the debtor is actively represented by an attorney; and

(d) Defendant violated MICH. COMP. LAWS § 339.915(i) by communicating information relating to a debtor's indebtedness to an employer or an employer's agent unless the communication is specifically authorized in writing by the debtor subsequent to the forwarding of the claim for collection, the communication is in response to an inquiry initiated by the

- 8 -

debtor's employer or the employer's agent, or the communication is for the purpose of acquiring location information about the debtor; and

(e)  Defendant violated MICH. COMP. LAWS § 339.915(n) by using a harassing, oppressive, or abusive method to collect a debt, including causing a telephone to ring or engaging a person in telephone conversation repeatedly, continuously, or at unusual times or places which are known to be inconvenient to the debtor; and

(f)  Defendant violated MICH. COMP. LAWS § 339.915(o) by using profane or obscene language.

41.  Defendant's acts as described above were done willfully and for the purpose of coercing Plaintiff to pay the alleged debt.

42.  Pursuant to MICH. COMP. LAWS § 399.916(2), as a result of Defendant's willful violations of the MOC, Plaintiff is entitled to the greater of statutory damages or three times actual damages and is entitled to reasonable attorney's fees and costs.

### THIRD CAUSE OF ACTION

**(Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227)**

43.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44.  Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

(a)  Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

(b)  Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using

an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

45. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

46. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

(a) Declaratory judgment that Defendant's conduct violated the FDCPA, the MOC and the TCPA pursuant to 28 U.S.C. §§ 2201 and 2202; and

(b) An injunction prohibiting Defendant from contacting Plaintiff on Plaintiff's cellular telephone using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(A); and

(c) Actual damages pursuant to 15 U.S.C. § 1692k(a)(1), MICH. COMP. LAWS § 399.916(2) and 47 U.S.C. § 227(b)(3)(B); and

(d) Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2) and MICH. COMP. LAWS § 399.916(2); and

(e) As a result of Defendant's violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B); and

(f) As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C); and

    (g)    Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3) and MICH. COMP. LAWS § 399.916(2); and

    (h)    Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

    (i)    For such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

CHAMI LAW, PLLC

Dated: December 16, 2013        By: s/ Tarek N. Chami
                                      Tarek N. Chami, Esq. (SBN: P76407)
                                      16030 Michigan Avenue, Suite 220
                                      Dearborn, Michigan 48126
                                      Telephone: 313.410.5118
                                      Facsimile: 888.428.7911
                                      tarek@chamilawpllc.com
                                      *Attorney for Plaintiff*